IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-40070
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EARL JOSEPH HINES, JR.,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:94-CR-99-3
- - - - - - - - - -

August 22, 1995

Before KING, JOLLY, and WIENER, Circuit Judges.

PER CURIAM:[*]

Earl Joseph Hines, Jr., challenges the district court's two-level upward adjustment for obstruction of justice. He argues that his failure to advise law enforcement officers and the probation officer that he had given a codefendant money to buy drugs was not material to the offense, that this omission did not impede the investigation of the case, and that the Government

---

[*]    Local Rule 47.5 provides:  "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession."  Pursuant to that Rule, the court has determined that this opinion should not be published.

failed to prove that he intended to impede the administration of justice.

A district court's finding that a defendant has obstructed justice under § 3C1.1 is a factual finding reviewed for clear error. United States v. Storm, 36 F.3d 1289, 1295 (5th Cir. 1994), cert. denied, 115 S. Ct. 1798 (1995). "Section 3C1.1 provides for the enhancement of a defendant's offense level `[i]f the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense.'" United States v. Cabral-Castillo, 35 F.3d 182, 186 (5th Cir. 1994), cert. denied, 115 S. Ct. 1157 (1995). The adjustment may be appropriate when the defendant provides materially false information to a probation officer. § 3C1.1, comment. n.3(h). Material evidence, as used within § 3C1.1, means evidence that "if believed, would tend to influence or affect the issue under determination." § 3C1.1, comment. (n.5)(emphasis added).

Contrary to Hines' argument, his statements to the probation officer directly affected an issue under determination: the role of each defendant and their respective guideline calculations. Hines' repeated attempts to minimize his role in the offense demonstrate that he made the statements willfully. The district court did not clearly err in increasing Hines' offense level for obstruction of justice. Accordingly, the district court's judgment is AFFIRMED.